# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HECTOR G.M. | : | |
| | : | |
| | : | Case No. 2:20-cv-6034 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ORLANDO RODRIGUEZ et al., | : | |
| | : | |
| Respondent. | : | |

**THIS MATTER** is opened to the Court by Hector G.M.[1] ("Petitioner"), a civil immigration detainee currently held in the Elizabeth Detention Center, having filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Motion for Temporary Restraining Order ("Motion"). (ECF Nos. 1, 3.)

Petitioner filed this matter on May 19, 2020, requesting immediate release in light of the COVID-19 pandemic.[2] (ECF No. 1 at 2.) Petitioner's counsel submits in his Motion that, on May 18, 2020, Respondent advised Petitioner would be deported "in the immediate future." (ECF No. 3-1 at 5.) Petitioner subsequently filed his Motion asking the Court to enjoin Respondents from effectuating the final order of removal issued by an Immigration Judge ("IJ") on May 4, 2020.[3]

---

[1] Petitioner is identified herein only by his first name and the first initials of his surnames in order to address certain privacy concerns associated with § 2241 immigration cases. This manner of identification comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

[2] Petitioner, along with a proposed class of all detainees at the Elizabeth Detention Center, also filed a counseled petition for writ of habeas corpus on May 15, 2020. *See Aganan, et al., v. Rodriguez, et al.*, No. 2:20-cv-5922-ES.

[3] Petitioner submits he waived his right to appeal the IJ's order of removal as he was *pro se* and did not understand the proceedings, notwithstanding a Spanish-speaking interpreter providing interpretation services to him. (ECF No. 1 ¶¶ 1, 21-23). He now plans to pursue administrative

(ECF No. 26 at 3.) On that same day, Petitioner's counsel filed a letter informing the Court it had just learned Petitioner was at Newark International Airport boarding a flight to Texas in order to be subsequently removed from the United States to Mexico. (ECF No. 10 at 1.) The Court convened a conference call with the parties which commenced at approximately 5:20 p.m. EDT. (ECF No. 14.) During the conference call, the Court issued an order granting a temporary stay of Petitioner's final order of removal.  Later that day, at approximately 10:15 p.m. EDT the parties informed the Court, by telephone conference, Petitioner was removed from the United States at approximately 5:20 p.m.[4] (ECF No. 17 at 2.) Petitioner's counsel submitted a subsequent filing asking the Court to, *inter alia*, order Petitioner be returned to the United States. (ECF No. 29 at 17.) The Court convened another conference call with the parties on May 26, 2020. (ECF No. 31.) Petitioner's counsel argues that this Court has not been stripped of its jurisdiction to entertain this matter, notwithstanding Petitioner's removal from the United States. Respondents argue this Court does not have jurisdiction to review an IJ's final order of removal at this juncture, nor did it have jurisdiction when it entered its temporary stay of the final order of removal on May 19, 2020.

The Court has subject matter jurisdiction over this matter under § 2241 because, at the time he filed his petition, Petitioner was detained within its jurisdiction by a custodian within its jurisdiction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-95, 500 (1973). Nevertheless, the Court's jurisdiction is not without its limits:

---

remedies, such as, *inter alia,* filing a motion to reopen before the Board of Immigration Appeals ("BIA") and applying for a U-Visa. (ECF No. 1 ¶¶ 1, 31, ¶¶ 51, 54.) He argues his presence in the United States while he does so would allow him to collaborate with counsel on the respective legal proceedings, access medical care to properly manage his asthma, and ensure his safety as he fears the possibility of harm in Mexico.  (*Id.* ¶ 28, ECF No. 3-1 at 9).

[4] The time zone is not specified. Though the court notes Texas is not in the Eastern time zone and does have two time zones, Central and Mountain.

> The INA limits judicial review in several ways. First, it bars challenging removal orders in district court. Instead, aliens must bring those challenges in a "petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). District courts lack jurisdiction over those challenges to removal. *See id.*
>
> District courts also lack jurisdiction to review most claims that even relate to removal. To prevent piecemeal litigation, the INA usually requires aliens to bring their claims together. In particular, § 1252(b)(9) provides that if a legal claim "aris[es] from any action taken or proceeding brought to remove an alien," then "[j]udicial review of all questions of law and fact . . . shall be available only in judicial review of a final order" of removal. Because judicial review of a final order of removal is available only in the court of appeals, district courts cannot review these "arising from" claims either.

*E.O.H.C. v. Sec'y. United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020).

Accordingly, the Motion is **DISMISSED** without the Court having reached the merits as it does not have jurisdiction to do so. *See Duvall v. Elwood*, 336 F.3d 228, 234 (3d Cir. 2003); *see also Jude M. v. Edwards*, Civ. Action No. 20-1948, 2020 WL 1650548 at *2 (D.N.J. Apr. 3, 2020) ("Under the REAL ID Act, then, this Court has no jurisdiction to grant relief based on a challenge to the validity of a final order of removal such as the one Petitioner seeks to challenge here. Such a claim could only be brought as part of a petition for review before the appropriate Court of Appeals, an avenue Petitioner chose not to pursue when he declined to appeal his final order of removal after its entry twelve years ago.") Furthermore, in light of Petitioner's removal, Petitioner's habeas petition is **DISMISSED**. *See, e.g., Lindaastuty v. Att'y Gen.*, 186 F. App'x 294, 298 (3d Cir. 2006).

An appropriate Order accompanies this Opinion.

Date: May 27, 2019　　　　　　　　　　　　　*/s/ Brian R. Martinotti*  
　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**  
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**